IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALLERGY RESEARCH GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THRILL DEALS LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING RULE 59(e) MOTION<br><br>Case No. 2:21-cv-00380-JNP-JCB<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Allergy Research Group, LLC's (ARG) motion to amend the default judgment entered by the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 22. The court GRANTS the motion.

ARG sued Thrill Deals LLC, alleging, among other things, that Thrill Deals had violated its trademark rights by selling its products online. Although Thrill Deals merely resold ARG's products, ARG alleged that the products were materially different from the products that ARG distributed through official channels for two reasons. First, ARG would not honor its satisfaction guaranty for products sold by unauthorized sellers, such as Thrill Deals. Second, ARG asserted that Thrill Deals was not subject to the quality control measures that authorized distributors and resellers must satisfy.

Thrill Deals did not answer the complaint, and the clerk of court entered a default certificate. ARG moved for a default judgment awarding a broad permanent injunction prohibiting Thrill Deals from selling products bearing ARG's trademarks and requiring Thrill Deals to return or destroy all of ARG's products that it possessed. The court ruled that the permanent injunction requested by ARG was overly broad because, under the first-sale doctrine, third parties may resell

genuine products bearing the manufacturer's trademarks if the reseller adequately discloses any material differences to the purchaser. *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1072 (10th Cir. 2009). Accordingly, the court granted a permanent injunction requiring Thrill Deals to post in a prominent location on any website offering ARG products for sale the following language in all capital letters:

> THRILL DEALS IS NOT AN AUTHORIZED SELLER OF THIS PRODUCT. THEREFORE, THE PRODUCT IS NOT COVERED BY THE MANUFACTURER'S SATISFACTION GUARANTEE. ADDITIONALLY, THRILL DEALS IS NOT REQUIRED TO ABIDE BY THE MANUFACTURER'S QUALITY CONTROL PROCEDURES, WHICH ARE DESIGNED TO ENSURE THE QUALITY OF THIS PRODUCT.

Twenty-eight days after the court entered a default judgment for permanent injunctive relief, ARG filed a Rule 59(e) motion to amend the default judgment. ARG argued that the disclaimer ordered by the court was not feasible for products sold on Amazon.com and would not adequately disclose the material differences mentioned above to consumers. Thus, ARG urged the court to amend the judgment to remove the disclaimer requirement and to instead prohibit Thrill Deals from reselling ARG's products on the Amazon website. The court agrees with ARG.

As ARG points out in its Rule59(e) motion, it is not possible for Thrill Deals to post a disclaimer on Amazon that would be readily visible to consumers before purchasing an ARG-branded product.[1] Amazon's policies dictate that only one Product Detail Page may be maintained for each product sold on the website. The brand owner—in this case ARG—controls the Product Detail Page. A third-party seller must offer the product through the existing Product

---

[1] *See* Amazon seller central, ASIN creation policy, https://sellercentral.amazon.com/help/hub/reference/external/201844590 (last visited July 20, 2023).

2

Detail Page. If a consumer decides to buy the product, he or she clicks on the "Add to Cart" button and the Amazon algorithm selects which seller will fulfil the order. Accordingly, a third-party seller, such as Thrill Deals, may not post a disclaimer on the Product Detail Page that may be viewed by consumers before they complete a purchase.

A party may move to amend a judgment within 28 days of its entry. FED. R. CIV. P. 59(e). "Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). Here, the third ground for amending a judgment applies.

The current judgment effectively prohibits Thrill Deals from selling on Amazon because it requires Thrill Deals to post the disclaimer in a prominent location on any website where it sells ARG's products. Because Thrill Deals cannot post a disclaimer on Amazon's Product Detail Page, the judgment implicitly prohibits Thrill Deals from selling ARG's products over Amazon. But in order to clarify the default judgment, and in light of information that the court did not consider when it entered that judgment, the court finds that the amendments to the judgment requested by ARG are necessary to prevent manifest injustice. Accordingly, the court grants ARG's Rule 59(e) motion to amend the permanent injunction found in the final judgment. The court will enter an amended judgment permanently enjoining Thrill Deals from selling ARG-branded products on Amazon.

DATED July 26, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge